ORIGINAL

FILED
NOV - 1 2007
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

-----------------------------------------------------------------x

ORISKA INSURANCE COMPANY,

Claimant,

vs.

**COMPLAINT**

THE UNITED STATES OF AMERICA

07-768 C

Defendant.

-----------------------------------------------------------------x

Claimant, Oriska Insurance Company ("Oriska"), by and through his attorneys Kernan Professional Group, LLP, complaining of the defendant, alleges as follows:

1. At all times relevant hereto, Claimant Oriska was and is an insurance company duly organized and existing under the laws of the State of New York, and duly authorized to carry on business as a corporate surety in the State of New York and authorized by the United States Department of Transportation ("USDOT") to underwrite USDOT bonds for USDOT's Bonding Assistance Program.

2. At all times relevant hereto Defendant the United States ("Defendant" or "U.S.") acted by and through duly authorized representatives of its Department of Transportation which is organized and exists under the applicable laws of the United States of America. The U.S. is made the Defendant in this action by virtue of the fact that the USDOT breached a certain Guaranty Agreement between the USDOT Office of Small and Disadvantaged Business Utilization and Oriska.

3. Upon information and belief, at all times relevant herein, Flying Eagle Corporation ("Flying Eagle"), with principal executive address located at P.O. Box 5293, Helena, MT 59604 was a domestic corporation duly organized under the laws of the State

of Montana, and was the prime contractor to and under a certain contract with the U.S. Army Corps of Engineers, Seattle District ("US Army Corps").

4. The Court of Federal Claims derives jurisdiction over this matter pursuant to 28 USC §§ 1346 and 1491(a)(1), under which the "Court of Claims shall have jurisdiction to render judgment upon any claim against the United States founded … upon any express or implied contract with the United States."

5. The present claim arose out of the following facts:

6. On approximately, October 18, 2001 Flying Eagle was awarded a certain contract designated DACW67-02-0001 with the U.S. Army Corps of Engineers, Seattle District. Specifically the contract was to "construct asphalt parking lots and connecting asphalt roadways and entrances" at a location in Missoula, Montana (the "Project").

7. The project required the posting of a payment and performance bond in the amount of $500,000.

8. Oriska was approached by the Clarion Insurance Agency, Inc. to provide said bonds for Flying Eagle.

9. Upon information and belief, Flying Eagle is a minority owned and operated company and certified as a participant in the 8(a) program of the U.S. Small Business Administration. As such, Flying Eagle was approved to participate in the USDOT's Bonding Assistance Program.

10. Pursuant to the express terms of the Bonding Assistance Program, all USDOT bond readiness approvals issued and all bonds approved for Flying Eagle would be subject to the USDOT's guaranty of 80% against losses and loss expense suffered by the issuing surety on transportation related-contracts up to $1 million.

11. In accordance with the program requirements, on January 1, 2001 Oriska entered into a certain Guaranty Agreement with the USDOT Office of Small and Disadvantaged Business Utilization ("Guaranty Agreement").

12. Pursuant to the express terms of said Guaranty Agreement the USDOT agreed to "reimburse Oriska 80 percent of all losses on transportation-related contracts up to $1,000,000 or less issued to certified DBEs ["Disadvantaged Business Enterprise"] under this agreement."

13. On November 7, 2001 Oriska issued Bond Number JK1002903 (the "Bond") in the amount of $500,000.00 on behalf of its principal Flying Eagle to the obligor U.S. Army Corps for the Project.

14. Flying Eagle contracted with certain subcontractors for labor and materials on the Project, to include, but not limited to JTL Group, Inc. ("JTL"), Ibey Sprinklers and Landscaping, Inc. ("Ibey") and GMT Consultants, Inc. ("GMT").

15. On October 1, 2003 the US Army Corps held Flying Eagle in default of its contract and terminated Flying Eagle from further performance on the Project.

16. Upon default the US Army Corps requested payment of the payment Bond on behalf of certain subcontractors.

17. On the dates set forth below Oriska issued payment under the Bond as follows:

a. JTL: $175,000.00 - July 11, 2003

b. Ibey: $4,500.00 - May 5, 2004

c. GMT: $1,225.00 - April 16, 2003

18. Pursuant to the terms of the Guaranty Agreement Oriska thereafter requested payment of 80 percent of the loss incurred under the Bond from the USDOT as contemplated in the Guaranty Agreement.

19. Said request was denied by the USDOT.

**AS AND FOR ITS FIRST CAUSE OF ACTION**

20. Oriska repeats and reiterates each and every allegation contained in paragraphs designated "1" through "19" with the same force and effect as though set forth at length herein.

21. As an inducement for Oriska to issue the Bond on behalf of its principal Flying Eagle the U.S., by and through its agent USDOT, entered into a certain Guaranty Agreement with Oriska. Said agreement guaranteed reimbursement to Oriska for 80 percent of losses incurred by Oriska on the Bond.

22. Oriska has incurred and sustained liability, costs, damages, charges, payments, expenses and attorneys' fees by reason of Defendant's failure and/or refusal to disburse to Oriska 80 percent of its exposure on the bonds, despite the fact that Oriska has duly demanded same in accordance with the terms of the Guaranty Agreement.

23. Defendant has refused and/or failed to pay Oriska the funds, and in so refusing and/or failing Defendant has materially breached its Guaranty Agreement with Oriska.

24. Defendant's guarantee is primary and unconditional and binds it to pay Oriska immediately upon the default of Flying Eagle.

25. Oriska has duly performed all the conditions of said contract on its part, but no part of the outstanding amounts set forth in above-paragraph 17, has been paid by Defendants, although payment thereof has been duly demanded.

26. By reason of the foregoing, Oriska has been damaged in the amount of $150,134.00 together with interest as provided for by law, costs, legal fees and expenses.

WHEREFORE, Oriska demands judgment against the U.S. as follows:

a. On the First Cause of Action, in the sum of $150,134.00, together with attorneys' fees, costs and interest as provided for by law.

Dated: October 22, 2007

Martin J. Kernan
C. Harris Dague
Martin J. Kernan
Kernan Professional Group, LLP
1310 Utica St., PO Box 750
Oriskany, NY 13424
(315) 736-0816
(315) 736-8731 (fax)
Attorneys for Claimant